# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 15-9622 PA (KSx) | Date | January 14, 2016 |
|---|---|---|---|
| Title | Markel Petty v. Robert Andrews, et al. Robert Andrews, et al. v. Direct Capital Securities, et al. | | |

Present: The Honorable    PERCY ANDERSON, UNITED STATES DISTRICT JUDGE

| Stephen Montes Kerr | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**    IN CHAMBERS ORDER

Before the Court is a Motion to Remand filed by Robert Anders, Laurie Andrews, and Griffin Capital (Westmont) Investor 21, LLC (collectively "Andrews Parties") (Docket No. 11). In the Motion to Remand, the Andrews Parties assert that the Court lacks subject matter jurisdiction because Griffin Capital Securities ("GCS") and Kevin Shields ("Shields") are necessary and indispensable parties and that their presence in this action would destroy the Court's diversity jurisdiction. The Andrews Parties commenced Case No. CV 15-9622 PA (KSx) by filing a Petition to Confirm Arbitration Award in Los Angeles Superior Court. That Petition did not name GCS or Shields as parties. To the extent the Andrews Parties now contend that GCS and Shields are necessary and indispensable parties, the proper procedure is to amend the Petition to join GCS and Shields as parties and seek remand as a result of that amendment. See 28 U.S.C. § 1447(e). Because the Andrews Parties have not sought to amend their Petition, either as a matter of right or Motion to Amend pursuant to Federal Rule of Civil Procedure 15(a) or 28 U.S.C. § 1447(e), their Motion to Remand is procedurally improper. The Court therefore denies the Motion to Remand without prejudice to the Andrews Parties attempts to join GCS and Shields as parties through a procedurally-recognized mechanism.

IT IS SO ORDERED.